Denise Carlon, ESQUIRE
KML Law Group, P.C.
216 Haddon Avenue, Ste. 406
Westmont, NJ 08108
(215) 627-1322
Attorneys for Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp., Mortgage Pass-Through Certificates Series 2006-5

| IN THE MATTER OF: | **IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
|---|---|
| Dwayne R. Smith | CHAPTER 13 |
| DEBTOR, | CASE NO. 17-22545 KCF |
| | NOTICE OF OBJECTION |

The undersigned, Denise Carlon, Esquire For KML Law Group, P.C., attorney for Secured Creditor **Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp., Mortgage Pass-Through Certificates Series 2006-5**, the holder of a Mortgage on the debtors' premises at **294 Ohio Street Union, NJ 07083** hereby objects to the confirmation of the debtors' proposed Chapter l3 Plan for the following reasons:

1. On November 13, 2017 Secured Creditor filed a secured proof of claim for pre-petition arrears in the amount of $254,684.62 and a total debt of $719,647.97. Debtor's plan provides for payment in the amount of $0.00 towards the arrearage claim of Secured Creditor and provides for a cram down of the total amount due to Secured Creditor to $100,000.

2. Debtor's Plan understates the amount of the Secured Creditor's claim and does not provide sufficient funding to pay said claim.

3. Debtor seeks to modify the loan on the subject premises by reducing what is owed on the subject loan to the value of the collateral. Debtor has not provided proof of value to support same.

4. Debtor's schedules, filed at the beginning of the case, value the property at $200,000.00.

5. Debtor's plan provides for an interest rate on the amount due of only 3.6%, which is less than the prime interest rate and is not sufficient under Till.

6. Debtor is impermissibly using rent from the property to fund the plan.

7. Debtor's plan does not provide for the payment of post-petition escrow advances that were already made, nor does the plan provide for payment of post-petition escrow advances going forward.

8. Debtor already has a confirmed plan. The confirmation order is binding on all parties, including the Debtor, pursuant to 11 U.S.C. 1327. Debtor has not demonstrated any reasons for relief from that confirmation order.

9. The debtor's plan fails to comply with 11 U.S.C. 1322 and 11 U.S.C. 1325. Accordingly, the plan should be denied.

In the event the debtors cure the aforesaid payments due outside the Chapter 13 Plan prior to the Confirmation Hearing, the undersigned will not appear at the Confirmation Hearing and aforesaid objections should be deemed waived.

/s/ Denise Carlon**, Esquire**

Denise Carlon, ESQUIRE
Attorney for Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp., Mortgage Pass-Through Certificates Series 2006-5
Dated: February 23, 2018